**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ANGELICA LETICIA YBARRA, | § | |
| *Plaintiff* | § | |
| | § | SA-23-CV-00932-XR |
| -vs- | § | |
| | § | |
| WALMART INC. DBA SAN ANTONIO | § | |
| SAM'S CLUB #8264, JOHN DOE, | § | |
| *Defendants* | § | |

## ORDER

On this date, the Court considered Plaintiff's motion for leave to file an amended petition, naming the previously unidentified Defendant John Doe as Amari Smith (ECF No. 20), Defendant's response in opposition (ECF No. 21), and Plaintiff's reply (ECF No. 22). While the Court concludes that Smith's joinder is warranted, the motion is **DENIED WITHOUT PREJUDICE** to refiling a corrected version of the proposed amendment curing the deficiencies described herein.

## BACKGROUND

On or about January 14, 2022, Plaintiff Angelica Ybarra was shopping at a Sam's Club located at 3150 SW Military Drive in San Antonio, Texas when an employee, Defendant John Doe, allegedly struck Plaintiff as he was pushing multiple shopping carts. Plaintiff alleges that Doe "did not take any precautions to avoid impacting the Plaintiff and did not warn the Plaintiff of the impending collision." ECF No. 1-1 at 3.

In June 2023, Plaintiff initiated this action in the 73rd Judicial District Court of Bexar County, Texas, alleging claims for negligence against Defendant John Doe and, under the doctrine of *respondeat superior*, against "Walmart, Inc. dba San Antonio Sam's Club #8264," and premises

liability claims against both Defendants. *See* ECF No. 1-1. On July 28, 2023, Walmart, Inc. (hereinafter, "Walmart") removed the case to federal court based on diversity jurisdiction, representing that it had been misnamed as "Walmart, Inc. dba San Antonio Sam's Club #8264." *See* ECF No. 1.

The Court issued a scheduling order on September 28, 2023, and held an initial status conference on October 30, 2023. *See* ECF Nos. 14, 19. At the status conference, Plaintiff's counsel represented that he had "just" learned the identity of the John Doe defendant—Amari Smith— after the exchange of initial disclosures and was contemplating naming Smith in an amended pleading. *See also* ECF No. 20 at 1 (indicating that Walmart served its initial disclosures on September 14, 2023). Plaintiff's counsel also stated that he intended to update the style of the case to reflect Walmart's proper name.

Two days after the status conference, Plaintiff moved for leave to file her First Amended Petition, identifying Amari Smith, a former employee at the Sam's Club in question, as the John Doe defendant and alleging that he is a "resident of Texas." *See* ECF No. 20; ECF No. 20-1. The caption of the proposed amendment still names "John Doe" and "Walmart Inc. dba San Antonio Sam's Club #8264" as defendants. *See* ECF No. 20-1.

As discussed below, because Smith is likely a citizen of Texas, his joinder will destroy diversity. Walmart opposes Smith's joinder, arguing that the sole purpose of the amendment is to defeat federal jurisdiction and that Plaintiff has not been diligent in her efforts to discover Smith's identity and will not be prejudiced by Smith's absence from the case. *See* ECF No. 21.

The Court now considers both parties' arguments and Plaintiff's proposed First Amended Petition.

**DISCUSSION**

I.     **Legal Standard**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* A federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C § 1332. When determining diversity jurisdiction, courts consider the citizenship of the parties and the amount in controversy as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264-65 (5th Cir. 1995). However, a post-removal joinder that adds a non-diverse party will destroy diversity and eliminate the subject-matter jurisdiction of the court. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).

Although Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "should be freely given when justice so requires" and Rule 20 permits joinder of parties, the Court is obligated to scrutinize the proposed amendment more closely than an amendment that does not destroy diversity. *See Hensgens*, 833 F.2d at 1182. The Court does this by balancing the interests of the defendant to maintain the federal forum with the plaintiff's competing interest of not having parallel lawsuits. *See id.* "[T]he balancing of these competing interests is not served by a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.* The Court looks at four factors to balance the competing interests: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for the amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Id.*

After examining these factors, the Court is to balance the equities of the case and use discretion to decide whether to permit the amendment destroying diversity. *Id.* ("[T]he district court, when confronted with an amendment to add a nondiverse nonindispensable party, should use its discretion in deciding whether to allow that party to be added.").

## II.    Analysis

### A.  Whether the purpose of the amendment is to defeat diversity jurisdiction

Under *Hensgens*, the Court first considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. The first *Hensgens* factor has been described as the "most important" factor of the four. *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, No. A-11-CV1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012). "When considering this first factor, courts take into account whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *3 (S.D. Tex. Dec. 7, 2009) (internal quotations omitted).

"Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a nondiverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." *Lowe v. Singh*, No. Civ. A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (quoting *Schindler v. Charles Schwab & Co.*, No. Civ. A. 05– 0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006)). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into litigation is to destroy diversity jurisdiction." *Lowe*, 2010 WL 3359525, at *2 (emphasis original). "Additionally, if a plaintiff moves to amend shortly after removal, some courts have viewed that as evidence of a

4

primary purpose to defeat jurisdiction." *Boyce v. CitiMortgage, Inc.*, 992 F. Supp. 2d 709, 717 (W.D. Tex. 2014). "Other courts have found that if a plaintiff had not filed a motion for remand before moving to amend, the court could reasonably conclude that the primary reason to amend was not to defeat jurisdiction." *Id.*

Courts typically do not permit amendments adding non-diverse defendants where the plaintiff was aware of the identity and activities of the non-diverse party at the time the state court petition was filed. *See McMackin v. OneWest Bank, FSB,* No. A-13-CA-861-SS, 2013 WL 12394442, at *1 (W.D. Tex. Dec. 11, 2013) (denying leave to amend the complaint to add a non-diverse party with whom the plaintiff had worked extensively because he had full knowledge of the facts necessary to name the party as a defendant to the original proceeding).

Walmart insists that Plaintiff "reasonably should have known the identity of Amari Smith prior to filing suit," citing the district court's reasoning in *Torres v. 2903 Hillcrest Drive, LLC*, No. 5:16-CV-175-DAE, 2017 WL 11095009, at *4 (W.D. Tex. Feb. 7, 2017). *Torres*, is inapposite, however, because it involved the joinder of defendants with whom the plaintiffs had multiple interactions in their work in and for the plaintiffs' apartment complex. The plaintiffs—a mother and her disabled adult daughter—initially sued the owner of their third-floor apartment after the daughter fell from a bathroom window, sustaining serious injuries. The mother had previously arranged with the apartment manager and maintenance personnel to install a lock on the window to prevent the daughter from climbing out of the window. While the mother questioned the adequacy of the lock, she was assured that it would prevent her daughter from climbing out of the window. After the case was removed to federal court, the plaintiffs sought to add claims against the apartment management company, Capstone Real Estate Services, Inc. ("Capstone"), and one of its employees, Melissa Jimenez—both non-diverse defendants. Although the court ultimately

permitted joinder of both defendants and remanded the case to state court, it found "the amendment is highly suspect because [p]laintiffs knew or, at the very least, reasonably should have known, of Capstone's and Jimenez's identities when they filed suit in state court." *Id.* at *3 (noting that the "petition referenced an 'apartment manager,' multiple interactions between Plaintiffs and [owner] (logically occurring through an agent or employee), and maintenance personnel placing a lock on the bathroom window").

Here, at the time the original petition was filed in state court, Plaintiff was aware only of the existence and activities of the employee who struck her with the shopping carts, not his identity. There is no reason to believe that Plaintiff had "multiple interactions" with Smith or would otherwise have any independent knowledge or means of learning of his identity before filing her initial complaint.[1] *See* ECF No. 22 at 4 ("Plaintiff did not have access to the video surveillance, witness statement, or any other information in Defendant Walmart, Inc.'s possession which would have assisted in identifying Amari Smith until [service of] the Initial Disclosures on . . . September 14, 2023."). Moreover, Plaintiff's inclusion of a John Doe defendant in her original petition suggests that she intended to sue the Walmart employee as soon as he could be identified. Now that Plaintiff has identified Smith, she has properly moved to join him as a defendant. Finally, because Plaintiff did not file a motion for remand before filing her motion to amend, the Court can reasonably conclude that the primary purpose of the amendment is not to defeat jurisdiction. *See Boyce,* 992 F. Supp. 2d at 717.

---

[1] Walmart asserts that Plaintiff "*could have* petitioned the state court prior to filing suit to investigate a potential claim or suit to determine the identity of the former employee" through a pre-suit deposition under Texas Rule of Civil Procedure 202. ECF No. 21 at 4–5. Walmart fails to cite—and the Court cannot locate—any authority suggesting that such pre-suit depositions are procedurally required under the *Hensgens* factors.

For the foregoing reasons, the Court finds the primary purpose of the amendment is not to destroy diversity jurisdiction of this Court but to assert valid claims against Smith. The first factor weighs in favor of permitting the amendment.

**B.  Whether plaintiff has been dilatory in requesting leave to amend**

The second *Hensgens* factor is "whether plaintiff has been dilatory in asking for amendment." 833 F.2d at 1182. In considering this factor, "courts consider the amount of time that has passed between the plaintiff's motion to amend and the filing of the original petition and notice of removal." *Anzures*, 886 F. Supp. 2d at 565 (citing *Mia Reed & Co., Ltd. v. United Fire & Cas. Co.*, No. H–10–4440, 2012 WL 249932, at *9 (S.D. Tex. June 27, 2012)). Generally, a plaintiff is not dilatory in seeking leave to amend a complaint "when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Boyce*, 992 F. Supp. 2d at 720 (quoting *Herzog v. Johns Manville Prods. Corp.*, No. Civ. A. 02–110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)).

A court may also consider that the plaintiff knew of the facts underlying the potential defendant's negligence at the time it filed suit in state court in its dilatoriness inquiry. *See Connoisseur Doors, Inc. v. Haney Corp.*, No. SA-96-CA-146, 1996 WL 156557, at *3 (W.D. Tex. Apr. 1, 1996) (concluding that the plaintiff was dilatory in asking for an amendment destroying diversity fourteen days after removal where the plaintiff was aware of the facts underlying the alleged negligence of the non-diverse party when the original petition was filed); *Anzures*, 886 F. Supp. 2d at 565 (denying leave to amend where the plaintiff "did not seek to add [the non-diverse party] until eight months after he filed the case in state court, seven months after [the defendants] removed the case . . . and nearly two months after the court's deadline to amend the pleadings and join parties had expired").

Plaintiff sought leave to join Smith as a defendant approximately four months after filing her original petition in state court, three months after removal, one month after service of Walmart's initial disclosures, and two days after the Court's initial status conference. Although Plaintiff was aware of the facts underlying her claims against Smith when the original petition was filed, she was unaware of Smith's identity until Walmart served its initial disclosures in September 2023. *See* ECF No. 22 at 4. Based on these facts, the Court cannot conclude that Plaintiff was dilatory in requesting leave to amend her petition. *See McNeel v. Kemper Cas. Ins. Co.*, No. Civ. A 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (finding that amendment five months after filing of state court petition and six weeks after removal was not dilatory).

Plaintiff's request is also timely in the context of the post-removal proceedings before this Court. Although a scheduling order had already been issued by the time Plaintiff filed her motion to join Smith, the parties filed a joint motion just before the initial status conference seeking to extend various preliminary deadlines, including the parties' deadlines to amend their pleadings and to designate expert witnesses. *See* ECF Nos. 14, 17. The Court granted the motion and issued an amended scheduling order on October 30, 2023. *See* ECF No. 18. Based on the deadlines set forth in the amended scheduling order, it appears that "no significant activity beyond the pleading stage has occurred." *Boyce*, 992 F. Supp. 2d at 720.

Thus, the second factor weighs in favor of permitting the amendment.

### C.  Whether plaintiff will be significantly injured if amendment is not allowed

The third *Hensgens* factor is "whether plaintiff will be significantly injured if amendment is not allowed." 833 F.2d at 1182. In analyzing this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Anzures*, 886 F. Supp. 2d at 565 (quoting *Lowe*, 2010 WL 3359525, at *3). Courts also look to "whether the plaintiff will be forced

to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adley/Vandling, Ltd. v. Am. First Ins. Co.*, No. A–11–CV-1007–LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012) (citing *Lowe*, 2010 WL 3359525, at *2).

Because Smith is presumably a non-diverse party, if Plaintiff is denied leave to amend and chooses to proceed with her claims against Smith, she will be forced to do so in a Texas state court. In other words, Plaintiff will be required to litigate separate claims in separate forums—on different timetables, under different procedural rules, and with potentially conflicting results— arising out of the same set of facts. These additional burdens and legal expenses would unquestionably prejudice Plaintiff and waste judicial resources. *See Brown v. M & N Eaves*, No. 4:21-CV-959-KPJ, 2023 WL 2401571, at *7 (E.D. Tex. Mar. 7, 2023) ("[D]enying Plaintiff leave to add Bejar would raise the specter that inconsistent relief would be present in parallel proceedings in state and federal court as to the same facts and claims with a disadvantage of an 'empty-chair' defense in both."); *cf. Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-CV-00035, 2019 WL 5721634, at *5 (E.D. Tex. Nov. 5, 2019) (observing that the possibility of parallel state court proceedings is "likely to be present whenever a plaintiff seeks to add a nondiverse defendant").

Walmart correctly points out, however, that even if joinder is not permitted, Plaintiff can be accorded full relief, if any, from Walmart, under the doctrine of *respondeat superior*. *See* ECF No. 21 at 5–6; *Flores v. Turbine,* No. 5:15-CV-231-DAE, 2015 WL 2452523, at *3 (W.D. Tex. May 21, 2015) (concluding that the third *Hensgens* factor weighed against an amendment adding the allegedly negligent, non-diverse employee because there was no evidence that the defendant employer would be unable to satisfy a future judgment); *see also De La Fuente v. KinderCare*

*Educ. LLC*, No. 1:22-CV-942-DII, 2023 WL 3794527, at *4 (W.D. Tex. May 17, 2023), *report and recommendation adopted*, No. 1:22-CV-942-DII, 2023 WL 3792666 (W.D. Tex. June 2, 2023) ("[T]he addition of [the non-diverse defendants] is not necessary—De La Fuente can adequately recover for [their] alleged liability . . . from KinderCare Defendants under the doctrine of *respondeat superior*.").

Based on these factors, the Court concludes that the third *Hensgens* factor is neutral.

**D.  Whether there are any other factors bearing on the equities**

Finally, the court considers "any other factors bearing on the equities." *Hensgens*, 833 F.2d at 1182. Other than its interest in remaining in federal court, Walmart fails to identify any equities that weigh against joinder and remand. Accordingly, the Court considers the fourth *Hensgens* factor to be neutral because no other relevant equitable factors have been raised. *See Gallegos*, 2009 WL 4730570, at *5 ("Because neither party points to additional equitable factors beyond these considerations, the fourth *Hensgens* factor weighs . . . neutral.").

**E.  Weighing the factors**

Having considered the relevant factors, the Court finds that together they weigh slightly in favor of granting Plaintiff leave to add Smith as a non-diverse defendant. Although the motion presents close questions, it does not appear to the Court that the sole purpose of the amendment is to defeat federal jurisdiction or that Plaintiff has been dilatory in seeking leave to amend, and the remaining factors are neutral.

**F.  Deficiencies in the proposed First Amended Petition**

Although joinder of Smith to this action is appropriate, the proposed First Amended Petition contains a number of deficiencies that must be corrected before the Court will permit the amendment.

To begin, the caption of the proposed amendment still names "John Doe" and "Walmart Inc. dba San Antonio Sam's Club #8264" as the defendants. *See* ECF No. 20-1. The caption of the proposed First Amended Petition must be revised to reflect the proper parties to this action— Amari Smith and Walmart, Inc.

The proposed amendment also fails to properly allege the citizenship of the new Defendant, Amari Smith. *See* ECF No. 20-1 at 1. For individuals, the pleading must allege each individual's citizenship, and an allegation of residency alone is insufficient. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.' . . . Nevertheless, an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'") (emphasis added). The proposed amended complaint merely asserts that Smith "is a resident of Texas," and, accordingly, fails to properly allege his citizenship. *Id.*

Any amended pleading must properly identify all parties to this action and their respective citizenship to allow the Court to evaluate its jurisdiction over this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to her First Amended Petition (ECF No. 20) is **DENIED WITHOUT PREJUDICE**.

Plaintiff is **ORDERED** to file a new motion for leave to file an amended complaint and attach a proposed First Amended Petition that corrects the clerical errors identified herein and adequately alleges the citizenship of Amari Smith so that the Court may determine whether there is complete diversity, by **no later than November 17, 2023**, or seek an extension of time in which to do so.

It is so **ORDERED**.

**SIGNED** November 13, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE